UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-025-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GREGORY A. EVANS, | ) | **PRETRIAL AND** |
| | ) | **DISCOVERY ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Gregory Evans having been arraigned in the above action and having pleaded not guilty, the Court enters this general Order governing discovery and pretrial procedures for criminal actions.

1. This matter is assigned for trial by Jury on **Tuesday, May 17, 2022**, beginning at the hour of **9:00 a.m.**, at the United States Courthouse in Lexington, Kentucky. Counsel shall be present in Court at **8:30 a.m.**

2. This matter is scheduled for a pretrial conference on **Friday, May 6, 2022**, beginning at the hour of **2:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.

3. <u>Motions for continuance</u> The Court advises the parties that it will grant continuances only upon properly supported findings required under the Speedy Trial Act (STA), 18 U.S.C. § 3161-3174. To that end:

(a) Any motion for a continuance filed by a defendant **must** include a statement, personally signed by the moving defendant, affirmatively indicating consent to and request for a continuance on the motion's terms. Any defensive motion also shall include

citation to every section of the STA relied upon as a basis for the motion. Unless otherwise ordered, the United States (and any other affected defendant) **must** respond to any continuance motion **within five (5) days**. If a responding defendant does not oppose the motion, the response **must** include a statement, personally signed by the responding defendant, affirmatively indicating consent to the request for a continuance on the response's terms.

(b) Any motion for a continuance filed by the United States **shall** include a citation to every section of the STA relied upon as a basis for the motion. Unless otherwise ordered, any affected defendant **must** respond to any continuance motion filed by the United States **within five (5) days**. If a responding defendant does not oppose the motion, the response **must** include a statement, personally signed by the responding defendant, affirmatively indicating consent to the request for a continuance on the response's terms.

(c) The Court warns that its calculation of excludable time, and its processing of any continuance requests, turn on whether there is a valid basis for appropriate STA findings. The STA language and the public interests protected signify that agreement among the litigants and lawyers will not alone establish a basis for continuance that is lawful under the STA.

4. <u>Defensive motions</u>

(a) <u>Generally</u> Defensive motions (except motions for discovery under paragraph 4) shall be filed within thirty (30) days after arraignment, **accompanied by a memorandum of authorities**. In the case of subsequent arraignment on a superseding indictment, any defensive motions shall be filed within the original thirty (30) day deadline or within fifteen (15) days of re-arraignment, whichever date is later. Except as modified under a specific briefing order, all motions, responses, and replies will be governed by Rule 47.1 of

the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities.

(b) Motions to suppress Paragraph 3(a) of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed **no later than three (3) business days** prior to the date of any suppression hearing, unless otherwise ordered.

5. Pretrial discovery and inspection

(a) The Government Within ten (10) days after arraignment, the Assistant United States Attorney and defense counsel shall confer and, upon request, the United States shall fully comply with its obligation to disclose evidence in accordance with Rule 16(a) of the Federal Rules of Criminal Procedure.

(b) The Defendant Within ten (10) days after arraignment, the Assistant United States Attorney and the defense counsel shall confer and, upon request, the Defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(c) Declined disclosure If, in the judgment of the United States, it would not be in the interests of justice to make any one or more disclosures as required by this Order and/or Rule 16(a) and requested by defense counsel, disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the Assistant United States Attorney, and shall specify the types of disclosure that are declined. If the Defendant seeks to challenge the declination, he/she shall proceed pursuant to subsection (d) below.

(d) Additional discovery or inspection If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States shall respond in like manner. If the parties are unable to resolve their discovery dispute, the party seeking discovery shall file a motion **not later than twenty-one (21) days** prior to the commencement of trial, specifying the details of the dispute and the legal authority supporting disclosure.

(i) Jencks Act material This Order does not require the United States to disclose Jencks Act material to the Defendant prior to trial other than as required by 18 U.S.C. § 3500.

(ii) Brady material The Government shall disclose any *Brady* material of which it has knowledge in accordance with Rule 16(a). If disclosure is not required by Rule 16(a), said material shall be disclosed to Defendant in time for effective use at trial.

(iii) Rule 404(b) evidence Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause. Seven (7) calendar days prior to trial is presumed to be reasonable notice by this Court.

(e) If the Government is unsure regarding the nature of any evidence and the proper time for disclosure, it may request an *in camera* hearing for the purpose of resolving the issue. A failure to disclose *Brady* material at a time when it can be used effectively at trial may result in a recess or continuance so that the Defendant may properly utilize such evidence.

6. Voir dire The Court will conduct the initial voir dire examination of prospective jurors. However, unless otherwise indicated, each party will be given approximately fifteen minutes to conduct any follow-up voir dire.

7. Jury instructions Proposed jury instructions need not be filed in the record, but the parties are advised to submit proposed instructions to the Court's Chambers **on or before Wednesday, March 30, 2022**. These instructions shall be submitted electronically to Reeves_Chambers@kyed.uscourts.gov. The proposed instructions shall cite supporting authorities. Whenever applicable, the parties shall follow Sixth Circuit pattern jury instructions.

8. Statement of the case The parties shall submit to the Court an agreed statement of the case or, in the event they are unable to agree, separate statements of the case **on or before Wednesday, March 30, 2022**. This submission should be brief and should identify primary issues raised by the parties (*i.e.*, a basic summary of charges and defenses).

9. Witness and exhibit lists The United States (and the Defendant if he/she so chooses) shall submit its *in camera* witness and exhibit lists **on or before Wednesday, March 30, 2022**. The parties should indicate whether they would like the Court to identify potential witnesses to the jury pool during voir dire. Additionally, the witness list should identify any evidentiary or other issues which may delay the proceedings and include an estimation of the expected length of direct testimony regarding each person identified.

10. Miscellaneous pretrial issues In addition to the matters specified herein, the following matters must be filed **on or before Wednesday, March 30, 2022**:

(a) motions in limine;

(b) all exhibits to be used at trial, pre-marked for identification; and

(c) any stipulation regarding the authenticity of exhibits.

Dated: March 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky