Eastern District of Kentucky
FILED
APR 13 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:22-CR-025-DCR**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**GREGORY A. EVANS** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two and Three.

2. The essential elements of Count One are:

(a) The Defendant was acting under color of law;

(b) The Defendant deprived the victim of a right secured and protected by the Constitution and laws of the United States;

(c) The Defendant did so willfully, and;

(d) The Defendant's actions resulted in bodily injury.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 9, 2021, the Defendant was on duty and acting under color of law in his capacity as a deputy jailer with the Madison County Detention Center ("MCDC"), in the Eastern District of Kentucky.

(b) The Defendant deprived E.B., a pretrial detainee, of his right, secured and protected by the Fourteenth Amendment to the Constitution of the United States, to due process of law. Specifically, the Defendant used unreasonable force upon E.B. by strangling and repeatedly punching E.B. without legal justification. The Defendant acted out of anger and to punish E.B., both of which are not legitimate penological purposes for using force.

(c) The Defendant acted willfully in depriving E.B. of his Constitutional rights. At the time of his actions, the Defendant knew, including through his training and experience at MCDC, that his assault on E.B. was unreasonable. The Defendant was aware that vascular restraints were forbidden at MCDC. He was aware that punching and strangling E.B. out of anger was an unreasonable use of force.

(d) Because the Defendant knew that the assault he had committed was not legal, he wrote an incident report that was false in several ways in an attempt to obstruct any subsequent investigation. First, the Defendant falsely claimed that he had ordered E.B. to turn and face the wall prior to the assault. Second, the Defendant falsely claimed that E.B. had ignored these commands and walked away from him. Third, the Defendant falsely claimed that E.B. had then tried to pull away from the deputies. Fourth and finally, the Defendant deliberately omitted the fact that he had strangled E.B. from his report.

(e) Similarly, when the Defendant agreed to a voluntary interview with the Federal Bureau of Investigation in November 2021, he once again intentionally made several false statements in the hopes of obstructing the investigation. First, the Defendant once again falsely claimed that he had ordered E.B. to turn and face the wall prior to the assault, although this time the Defendant claimed he had ordered E.B. to do so at least four separate times. The Defendant also falsely claimed that E.B. spun around and pulled away after the Defendant grabbed his jump suit. Initially, the Defendant also falsely claimed that he had never strangled E.B. After being confronted with the fact that the video depicted the strangling, the Defendant instead falsely claimed that it was never his intention to strangle E.B.

(f) By strangling E.B., the Defendant caused E.B. to lose consciousness. While E.B. was unconscious, the Defendant repeatedly struck E.B. in the

back and face with a closed fist. E.B. suffered bodily injury, including a broken jaw, as a result of the Defendant's unlawful assault.

4. The statutory punishment for Count One is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), August 2021 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 2H1.1(a)(1), cross-referencing to U.S.S.G. § 2A2.2, the base offense level is 14.

(d) Pursuant to U.S.S.G. § 2A2.2(b)(3)(D), increase the offense level by 4 levels for the level of injury inflicted by the Defendant on the victim.

(e) Pursuant to U.S.S.G. § 2H1.1(b)(1), increase the offense level by 6 levels because the offense was committed under color of law.

(f) Pursuant to U.S.S.G. § 3C1.1, increase the offense level by 2 levels because the Defendant willfully attempted to obstruct or impede the administration of justice with respect to the investigation of the instant offense and the obstructive conduct related to the Defendant's offense of conviction and relevant conduct.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1, no agreement exists about the amount of restitution owed by the Defendant. However, the Defendant agrees to pay such restitution as shall be ordered by the Court.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2, or file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph

examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement is limited to the United States Attorney's Office for the Eastern District of Kentucky and the Criminal Section of the Civil Rights Division of the U.S. Department of Justice. It does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 4/13/22 By: [signature]
Zach Dembo
Assistant United States Attorney

Date: 3-24-22

Gregory Evans
Defendant

Date: 3/24/22

Brad Clark
Attorney for Defendant